FILED



**NOT FOR PUBLICATION**

FEB 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN LOUDERMILK; TIFFANY LOUDERMILK, individually and as parents and next friends of Brittany Renee Nash, Dakota James Loudermilk, Kristin Grace Loudermilk, Faith Rose Loudermilk, and Montana Vaughn Loudermilk, minor children, | No. 12-17259 <br><br> D.C. No. 2:06-cv-00636-ROS |
| Plaintiffs - Appellants, | MEMORANDUM* |
| v. | |
| JOSEPH M. ARPAIO; UNKNOWN PARTIES; MICHAEL DANNER; RICHARD GAGNON; JOSHUA RAY; JOSEPH SOUSA, | |
| Defendants, | |
| And | |
| JULIE RHODES, individually and in her official capacity as Assistant Attorney General for the State of Arizona; RHONDA CASH, individually and in official capacity as a social worker with the Arizona Department of Economic Security, Administration for Children, | |

*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Youth, Families, Child Protective Services; JENNA CRAMER, individually and in official capacity as a social worker with the Arizona Department of Economic Security, Administration for Children and Families, Child Protective Services,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted December 12, 2014
San Francisco California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

John and Tiffany Loudermilk, et al., appeal from the district court's grant of summary judgment in favor of Julie Rhodes, Rhonda Cash, and Jenna Cramer ("officials"). The Loudermilks claim that the officials (1) violated their Fourth Amendment right to be free from an unreasonable search of their home, and (2) violated their Fourteenth Amendment right to family integrity.

I

The district court did not err in finding that Cash and Cramer were entitled to qualified immunity regarding the unreasonable search claim. Assuming there was a constitutional violation in this case, the Loudermilks have the burden of

2

showing that the right at issue was clearly established. *See Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011). It is clearly established that voluntary consent to a search vitiates concerns as to the search's unconstitutionality, *see Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 227 (1973), with voluntariness to be assessed by examining the totality of the circumstances. *See United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004). Our case law does not clearly establish that consent to a limited search is involuntary when given after the consenting party has had the opportunity to consult with an attorney. *Cf. United States v. Wellins*, 654 F.2d 550, 555–56 (9th Cir. 1981) (holding that a defendant's consultation with his attorney was a "crucial factor" in determining that the defendant validly consented to a search of his hotel suite).

## II

The district court properly determined that the officials were entitled to qualified immunity on the family integrity claim as well. The Loudermilks fail to cite any controlling authority clearly establishing that the mere threat to remove children from their parents' home violates the family's Fourteenth Amendment right to family integrity. *See Alston*, 663 F.3d at 1098 ("[The Plaintiff] bears the burden of showing that the right at issue was clearly established.").

**AFFIRMED.**

3